UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FRANCLINE KOUAM,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.
_____/

Case No. 1:26-cv-607

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk. (Pet., ECF No. 1, PageID.13.)

In an Order entered on February 25, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response on March 2, 2026 (ECF No. 5), and Petitioner filed his reply on March 5, 2026 (ECF No. 6).

## II.    Relevant Factual Background

Petitioner is a citizen of Cameroon who entered the United States on or about August 28, 2019. (Pet., ECF No. 1, PageID.5–6.) On December 9, 2025, Petitioner was detained at a scheduled ICE check-in appointment in Detroit. (*Id.*, PageID.6.)

On January 9, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Kouam v. Raycraft et al.* (*Kouam I*), No. 1:26-cv-94 (W.D. Mich.). In *Kouam I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Kouam I*, (W.D. Mich. Jan. 21, 2026), (ECF Nos. 6, 7).

On January 28, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.1.) At that hearing, "Petitioner presented substantial, unrebutted documentary evidence that he did not pose a flight risk[.]" (*Id.*) "DHS, conversely, presented two pieces of 'evidence': the I-213 Record of Inadmissible/Deportable Alien (essentially an ICE police report) and a copy of the immigration judge's decision and removal order in Petitioner's asylum case, which was denied on December 12, 2024." (*Id.*, PageID.2.) At the conclusion of the January 28, 2026 hearing, the Immigration Judge denied Petitioner's request for bond, stating: "flight risk." (Immigration Judge Order, ECF No. 2, PageID.18.)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on January 28,

2

2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    March 23, 2026                    /s/ Jane M. Beckering
                                             Jane M. Beckering
                                             United States District Judge